# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:19-MC-095-MOC-DCK

| | |
|---|---|
| SAGICOR LIFE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| EUGENE E. HOUCHINS III, WILLIAM I. ) | |
| DAVIS, and THIRD FINANCIAL, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** regarding the pending "Motion To Compel Nonparty Production Of Documents And Deposition" (Document No. 1) filed on July 10, 2019. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition.

By the instant motion, Plaintiff/Counter-Defendant Sagicor Life Insurance Company ("Sagicor" or "Plaintiff") seeks to compel non-party Russell Miller ("Miller") to produce documents and be deposed pursuant to subpoenas issued in or about February and April 2019. (Document No. 1). Plaintiff's discovery requests stem from the underlying action: <u>Sagicor Life Insurance Company v. Eugene E. Houchins, III, et al.</u>, No. 5:17-cv-02189-AKK (N.D.Ala.). (Document No. 1-8). Plaintiff contends that the "discovery sought from Mr. Miller is directly relevant to litigation and necessary for Sagicor to support its claims against the defendants." (Document No. 1-8, p. 5).

In his response received by the Court on August 20, 2019, Mr. Miller, appearing *pro se*, asserts that he has informed Plaintiff's counsel that he does not have responsive documents. (Document No. 5). Mr. Miller further asserts that he twice appeared for noticed depositions, on

April 2nd and July 31st, but those depositions had been cancelled without his knowledge.  Id.  Mr. Miller also states that he responded to the request for document production on July 17, 2019.  Id.  Finally, Mr. Miller notes that discovery in the underlying matter ended on August 4, 2019.  Id.

Also on August 20, 2019, the undersigned received an additional correspondence from Mr. Miller stating that the underlying case in the United States District Court for the Northern District of Alabama was *dismissed* on August 19, 2019.  (Document No. 6) (citing Document No. 6-1).

Plaintiff filed a reply brief on August 21, 2019;  however, the reply fails to address Mr. Miller's assertions that the discovery period in the underlying case has closed, or more importantly, that the underlying lawsuit has been dismissed and the parties directed to proceed to arbitration. (Document No. 7);  see also (Document No. 6-1).  Instead, Plaintiff describes Mr. Miller's alleged failures to communicate with counsel for Plaintiff and re-asserts that the Court should grant its motion to compel and require Mr. Miller to pay it reasonable attorneys' fees.  (Document No. 7).

Based on Mr. Miller's responses, and Plaintiff's failure to address the procedural status of the underlying action in the Northern District of Alabama, the undersigned will deny the pending motion.  The undersigned is not persuaded that this non-party's discovery responses or deposition are "relevant to any party's claim or defense and proportional to the needs of the case" in a matter that has been dismissed and closed by the Northern District of Alabama.  See (Document No. 1-8, p. 4) (quoting Fed.R.Civ.P. 26(b)(1) and citing Miller v. Wal-Mart, 1:13-CV-046-MOC-DLH , 2014 WL 454687 at *1 (W.D.N.C. Sept. 12, 2014)).

**IT IS, THEREFORE, ORDERED** that the "Motion To Compel Nonparty Production Of Documents And Deposition" (Document No. 1) is **DENIED**.

The Clerk of Court is directed to serve Mr. Russell Miller by certified U.S. Mail/return receipt requested.  Defendants shall be served by U.S. Mail and/or ECF.

**SO ORDERED**.

Signed: September 19, 2019

David C. Keesler
United States Magistrate Judge