**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-MC-095-MOC-DCK**

| | |
|---|---|
| **SAGICOR LIFE INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **EUGENE E. HOUCHINS III, WILLIAM I.** ) | |
| **DAVIS, and THIRD FINANCIAL, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Sagicor Life Insurance Company's Motion For Reconsideration" (Document No. 10) filed on September 25, 2019. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. After careful consideration of the motion and the record, the undersigned will <u>deny</u> the motion.

By the instant motion, Plaintiff/Counter-Defendant Sagicor Life Insurance Company ("Sagicor" or "Plaintiff") again asks this Court to compel Russell Miller ("Miller") to produce documents and be deposed pursuant to subpoenas issued in or about February and April 2019. <u>See</u> (Document Nos. 1 and 10). Plaintiff previously asserted that the "discovery sought from Mr. Miller is directly relevant to litigation and necessary for Sagicor to support its claims against the defendants." (Document No. 1-8, p. 5). Now Plaintiff asserts that Miller's "testimony is essential to the issues in dispute and necessary for the arbitration." (Document No. 10, p. 6).

Plaintiff's discovery requests stem from the underlying action: <u>Sagicor Life Insurance Company v. Eugene E. Houchins, III, et al.</u>, No. 5:17-CV-02189-AKK (N.D.Ala.). (Document No. 1-8; Document No. 10, p. 3). However, Plaintiff now acknowledges that discovery closed in

the underlying action on August 4, 2019, and that the underlying action was dismissed and closed on August 19, 2019. (Document No. 10). Mr. Miller was never a party to the underlying action in the Northern District of Alabama.

In addressing Plaintiff's original "Motion To Compel Nonparty Production Of Documents And Deposition" (Document No. 1), the Court noted that:

> Plaintiff filed a reply brief on August 21, 2019; however, **the reply fails to address Mr. Miller's assertions that the discovery period in the underlying case has closed, or more importantly, that the underlying lawsuit has been dismissed and the parties directed to proceed to arbitration**. (Document No. 7); see also (Document No. 6-1). Instead, Plaintiff describes Mr. Miller's alleged failures to communicate with counsel for Plaintiff and re-asserts that the Court should grant its motion to compel and require Mr. Miller to pay it reasonable attorneys' fees. (Document No. 7).

(Document No. 9) (emphasis added).

"Based on Mr. Miller's responses, and Plaintiff's failure to address the procedural status of the underlying action in the Northern District of Alabama," the Court denied the "Motion To Compel…." Id. The Court was "not persuaded that this non-party's discovery responses or deposition are 'relevant to any party's claim or defense and proportional to the needs of the case' in a matter that has been dismissed and closed by the Northern District of Alabama." Id. (citing (Document No. 1-8, p. 4) (quoting Fed.R.Civ.P. 26(b)(1) and citing Miller v. Wal-Mart, 1:13-CV-046-MOC-DLH , 2014 WL 454687 at *1 (W.D.N.C. Sept. 12, 2014)).

Now, due to an alleged miscommunication or misunderstanding among counsel, Plaintiff regrets that it failed to address the fact that the underlying case was dismissed. (Document No. 10, p. 2). Plaintiff asserts that this Court should reverse its previous decision and compel non-party Miller to provide testimony and discovery responses to be used in the "forthcoming arbitration." (Document No. 10, pp. 5-6). Plaintiff seems to suggest, without providing any Order

or other direction from the Northern District of Alabama, that the judge in the underlying case, the Honorable Abdul J. Kallon, intended for discovery to proceed and for Mr. Miller to testify, despite that fact that the discovery deadline in that case had passed and he dismissed the case.

While the undersigned recognizes Plaintiff's sincere desire to get discovery responses from Mr. Miller, it offers little, if any, persuasive argument or legal authority supporting its position. Plaintiff does not cite any authority that supports the view that this Court can or should compel testimony of a non-party to a dismissed case in another court for the purposes of an arbitration.

Under these circumstances, the undersigned will again respectfully decline to compel Mr. Miller to testify, or to otherwise provide discovery responses.

**IT IS, THEREFORE, ORDERED** that "Sagicor Life Insurance Company's Motion For Reconsideration" (Document No. 10) is **DENIED**.

The Clerk of Court is directed to serve Mr. Russell Miller by certified U.S. Mail/return receipt requested. Defendants shall be served by U.S. Mail and/or ECF.

**SO ORDERED**.

Signed: November 7, 2019

David C. Keesler
United States Magistrate Judge